**HAMILTON, Petitioner, v. ALVIS, Warden, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 6089.   Decided February 25, 1959.

Robert Hamilton, Columbus, on behalf of himself.

Mark McElroy, Atty. Genl., William M. Vance, Asst. Atty. Genl., Columbus, for respondent.

**OPINION**

By BRYANT, J.

Robert Hamilton, an inmate in the Ohio Penitentiary, on January 13, 1959 filed a petition for writ of habeas corpus in this court naming R. W. Alvis, Warden of the Ohio Penitentiary, as respondent.

The facts, it would appear, are that Hamilton "as a result of a conviction on or about October 10, 1958, in the Court of Common Pleas

of Cuyahoga County, Ohio, of the second count of the instant alleged indictment purportedly charging larceny" was sentenced to the Ohio Penitentiary according to the allegations in the petition.

After the filing of the petition, a return was filed by the Warden as follows:

"I hereby return this writ and represent that I have the said Robert Hamilton in my custody and that I have had the custody of the said Robert Hamilton since October 17, 1958, by virtue of a certain mittimus issued by the Common Pleas Court of Cuyahoga County, Ohio, copies of which are hereto attached and made a part of this return."

Attached thereto are copies of the indictment and a certified copy of the sentence.

Upon this state of the record the case came on for hearing before the full court with Hamilton present and appearing on behalf of himself. The Warden was represented by an assistant attorney general.

The full court by unanimous decision, after hearing the statements and arguments on both sides, found that the petitioner had failed to sustain the allegations in his petition and that he was lawfully in the custody of the Warden to whose custody he was remanded.

Hamilton has filed an application for rehearing and has asked for a separate finding of facts and conclusions of law.

We find that the grand jury of Cuyahoga County, Ohio at the April 1958 term returned an indictment against William Sisk, Edward Zaranko and Robert Hamilton charging that on or about the thirtieth day of March 1958, at the said county they committed burglary of a store house in the night season with a separate count charging the same three persons with grand larceny for the theft of five thousand dollars worth of television sets, radios and other appliances. Further, that Robert Hamilton pleaded guilty to the charge of grand larceny in the second count of the indictment and was sentenced to the Ohio Penitentiary and ordered to pay the costs of prosecution amounting to $138.07 on October 16, 1958.

Three objections are made by Hamilton as the basis for his petition for writ of habeas corpus. The first is that the larceny count in the indictment is fatally defective because it fails to allege the acts were "unlawfully" done and that it omits to charge the defendant did "feloniously take and carry away" the property stolen.

In Ohio, all criminal procedure is statutory and has been so regulated at least since 1929 when the Uniform Code of Criminal Procedure was enacted. See **Municipal Court of Toledo et al v. The State, ex rel. Platter, 126 Oh St 103,** the first branch of the syllabus of which is as follows:

"1. Criminal procedure in this state is regulated entirely by statute, and the state has thus created its system of criminal law covering questions of crime and penalties, and has provided its own definitions and procedure."

See also **Eastman v. The State of Ohio, 131 Oh St 1,** the ninth branch of the syllabus of which reads as follows:

"9. In the exercise of the legislative power vested in it by the Con-

stitution of Ohio, the General Assembly has preempted the fields of both substantive and procedural criminal law in this state. (Paragraph one of the syllabus in the case of **Municipal Court of Toledo v. State, ex rel. Platter, 126 Oh St 103,** approved and followed.)"

In the code of criminal procedure, §2941.07 R. C., provision is made for forms to be used in charging offenses and in the case of larceny the statutory form authorized is as follows:

"Larceny. A. B. stole from C. D. . . . . . . of the value of one hundred dollars."

The indictment in this case fully complies with the above section and, omitting the purely formal allegations, the second count reads as follows:

"AND the Jurors of the Grand Jury of the State of Ohio, within and for the body of the County of Cuyahoga, aforesaid, on their oaths IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO,

"Do Further Find and present, That William Sisk, Edward Zaranko and Robert Hamilton on or about the 30th day of March 1958, at the County aforesaid stole from The Atlas Radio and Furniture Store 19 Portable Television Sets, 16 Portable and or Table Radios, 8 Clock Radios, 3 Record Players, 1 Whirl Beater, 1 Leather Radio Case, all of the total value of $5,000.00."

It is apparent therefore that the claimed defects in the larceny count of the indictment are not defects at all. The indictment concludes with the allegation that the criminal acts described were "contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio." This is a clear allegation that the acts were unlawful.

The second objection is that the indictment being defective as set forth in the first objection therefore failed to apprise Hamilton of the nature of the offense charged against him. In as much as we have held that the larceny count of the indictment was sufficient. this objection also must fail. Sec. 2941.07 R. C., above referred to, gives a defendant the right to ask for a bill of particulars if he feels that he is prejudiced for want of sufficient information. If a defendant fails so to do, he will of course be deemed to have waived that right.

The third and final objection to the indictment is that the petitioner contends he did not authorize the court to plead him guilty to the charge contained in the second count of the indictment. However, the certified copy of sentence prepared by the clerk of the Common Pleas Court of Cuyahoga County shows that Robert Hamilton and not the court for Robert Hamilton entered the plea of guilty to grand larceny. We quote from that document as follows:

"THE STATE OF OHIO ) Indictment for Burglary  
vs.                          ) R C 2907.10 w/c  
Robert Hamilton        ) Grand Larceny R C 2907.20

"The said Robert Hamilton having made a plea of guilty to Grand larceny the 2nd count of the indictment. It is therefore the sentence of the Court that he be imprisoned in the Penitentiary * * *"

This objection is also without merit and is therefore overruled.

In the application for rehearing reference is made to temporary custody allegedly given to the Federal Government, but in as much as that was not made a part of the pleadings, this court is without power to consider it. The application for rehearing will therefore be denied, the previous decision of this court denying the writ of habeas corpus will be adhered to and Hamilton may be retained in the custody of the Warden of the Ohio Penitentiary until released in accordance with law

MILLER, J, concurs.
DUFFY, J, not participating.